Case No. _____

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

## IN RE AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM LTD, 9219-1568 QUÉBEC, INC.

*Petitioners*

---

Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Texas in
*WellcomeMat, LLC v. Aylo Freesites Ltd, et al.*, No. 2:23-cv-00483-JRG-RSP
Judge J. Rodney Gilstrap
Magistrate Judge Roy S. Payne

---

## AYLO'S PETITION FOR WRIT OF MANDAMUS

---

Frank M. Gasparo
FMGasparo@Venable.com
Ralph A. Dengler
RADengler@Venable.com
Parker G. Zimmerman
PGZimmerman@Venable.com
VENABLE LLP
151 W 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500

Megan S. Woodworth
MSWoodworth@Venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4000

Philip T. Sheng
PTSheng@Venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
(415) 653-3750

*Counsel for Petitioners AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM LTD, 9219-1568 QUÉBEC, INC.*

## **CERTIFICATE OF INTEREST**

Counsel for Petitioners certifies the following:

1.      Provide the full names of all entities represented by undersigned counsel:

      Aylo Holdings S.à r.l.
      Aylo Freesites Ltd
      Aylo Premium Ltd
      9219-1568 Québec, Inc.

2.      Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities:

      None/Not Applicable.

3.      Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities:

      Aylo Group Ltd is the parent company of Aylo Freesites Ltd and Aylo Premium Ltd.  9279-2738 Québec Inc. is the parent company of 9219-1568 Québec, Inc.  No publicly held company owns 10% or more stock in any of the entities represented by undersigned counsel.

4.      List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4)

      Frank M. Gasparo, Ralph A. Dengler, Megan S. Woodworth, Philip T. Sheng, Jonathan M. Sharret, Stephen K. Yam, J. Daniel Kang, Nicholas D. Marcello, Joseph M. Walsh, Thomas J. Macchio, Parker G. Zimmerman: Venable LLP

      Melissa R. Smith, A. Thompson Gorham: Gillam & Smith LLP

5.      Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

      No.

6.    Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6)

    None/Not Applicable

October 20, 2025           /s/ Frank M. Gasparo

                                     Frank M. Gasparo
                                     *Counsel for Petitioners*

# TABLE OF CONTENTS

**Page**

ISSUE PRESENTED ............................................................................... 1

INTRODUCTION .................................................................................. 2

STATEMENT OF FACTS ...................................................................... 5

LEGAL STANDARDS ........................................................................... 8

ARGUMENT ........................................................................................... 9

    I.    The District Court Clearly Erred in Its Consideration of the
        Simplification of the Case Factor .................................................. 10

    II.   The District Court Misapplied EPR Statistics to Substantiate
        Discrediting EPRs ........................................................................ 11

    III.  The District Court's Ruling Has Encouraged a Needless and
        Ultimately Futile Race to Finality ............................................... 14

    IV.  The District Court's Tacit Expansion of Its "Universal Practice"
        to Discredit EPRs Is Another Clear Abuse of Discretion ............ 15

    V.    Aylo Has Shown It Is Entitled to Mandamus Relief .................... 18

CONCLUSION ...................................................................................... 21

APPENDIX TABLE OF CONTENTS ................................................... 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379 (1953) ......................9

*British Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366-WCB,
  2019 U.S. Dist. LEXIS 166651 (D. Del. Sep. 27, 2019)......................18

*Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004)..........................................9

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP,
  2019 U.S. Dist. LEXIS 144149 (E.D. Tex. Feb. 14, 2019).......................... 18, 21

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) ..........................................................14

*Grant v. Raymond*, 31 U.S. 218 (1832) ...................................................2

*In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011) ............................20

*In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020)....................................22

*In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018)....................................20

*In re Oath Holdings Inc.*, 908 F.3d 1301 (Fed. Cir. 2018)......................................20

*In re Stingray IP Sols., LLC*, 56 F.4th 1379 (Fed. Cir. 2023) ................................20

*Infernal Tech., LLC v. Elec. Arts Inc.*, No. 2:15-CV-01523-JRG-RSP,
  2016 U.S. Dist. LEXIS 189432 (E.D. Tex. Nov. 21, 2016)................................14

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ...............................................11

*Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357 (Fed. Cir. 2016) ....................18

*NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB,
  2015 U.S. Dist. LEXIS 29573 (E.D. Tex. Mar. 11, 2015) .................. 9, 10, 19, 21

*Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed. Cir. 1985) .............................. 4, 18

*Pope Mfg. Co. v. Gormully*, 144 U.S. 224 (1892) .....................................5

*Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45 (2020) ...................... 4, 15, 18

*TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*,
 No. 22-673-CFC, 2022 U.S. Dist. LEXIS 202085 (D. Del. Nov. 7, 2022)..........18

*Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720 (Fed. Cir. 2015)................19

*VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307 (Fed. Cir. 2014)..................13

*Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, No. 3:08-cv-01512-CAB-(MDD),
 2016 U.S. Dist. LEXIS 113913 (S.D. Cal. June 15, 2016) ..................................15

## Statutes

28 U.S.C. § 1651 ...................................................................................................1

35 U.S.C. § 315(e)(2).............................................................................................11

## Other Authorities

37 CFR § 42.100 ...................................................................................................13

37 CFR § 42.107 ...................................................................................................13

Fed. R. App. P. 21 ..................................................................................................1

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, the undersigned counsel states that no other appeal in or from the same civil action or proceeding in the lower court was previously before this or any other appellate court.

## RELIEF SOUGHT

Pursuant to 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21, petitioners Aylo Holdings S.à r.l., Aylo Freesites Ltd, Aylo Premium Ltd, 9219-1568 Québec, Inc. ("Aylo") seek a writ of mandamus: vacating the U.S. District Court for the Eastern District of Texas's (the "District Court") October 17, 2025 order denying Aylo's motion to stay the underlying case pending finality of an *ex parte* reexamination ("EPR"), where the United States Patent and Trademark Office ("USPTO") has issued a final office action rejecting all asserted claims; and directing the District Court to enter an order staying the case until final judgement is entered.

Aylo seeks emergency relief because a jury trial is scheduled to begin on November 17, 2025, despite all asserted claims having been found invalid before the USPTO.  This Court should exercise its supervisory authority and intervene to ensure the District Court adheres to established legal principles and policies and that the District Court's clearly erroneous analysis in this case is not repeated.

## ISSUE PRESENTED

Whether the District Court committed a clear abuse of discretion by failing to stay the underlying case even though all remaining asserted claims have been rejected by the USPTO in a final office action under *ex parte* reexamination, arbitrarily treating reexamination proceedings differently than other post-grant challenges.

## <u>INTRODUCTION</u>

"A bad patent is no patent." *Grant v. Raymond*, 31 U.S. 218, 230 (1832) (citation omitted).  Yet, the District Court's refusal to stay the underlying case is forcing the parties, a jury, and itself to expend significant resources trying a bad patent for which all asserted claims have been found invalid.

WellcomeMat originally asserted a set of method claims from U.S. Patent No. 8,307,286 ("the '286 Patent"), and Aylo timely petitioned for *inter partes* review ("IPR") of those claims and moved for a stay.  WellcomeMat then asserted an additional method claim from the '286 Patent, and Aylo petitioned for another IPR and supplemented the briefing on its motion to stay.  Next, more than one year after originally filing its lawsuit, WellcomeMat yet again added new claims to the case, this time asserting a set of system claims from the '286 Patent.  Because Aylo's one-year bar to filing IPRs had passed, it immediately filed a request for EPR of the added system claims and again supplemented the briefing on its motion to stay.  During this entire time, the District Court failed to rule on Aylo's motion to stay.  When the District Court ruled—nearly a year later—it denied the stay, citing its "universal practice" of doing so because the Patent Trial and Appeal Board ("PTAB") had not yet instituted IPRs on all asserted claims, *i.e.*, WellcomeMat's newly added system claims that Aylo could only challenge through EPR.  Appx108.

Subsequently however, the USPTO found that Aylo's EPR request presented

a substantial new question of patentability and, on May 9, 2025, issued a non-final office action rejecting all the asserted system claims. Appx113. Aylo then moved a second time for a stay. Appx110. The District Court denied that motion, again citing its "universal practice" and claiming that "EPR proceedings have a remote chance of simplifying the case." Appx118.

On August 22, 2025, the USPTO issued a final office action in the EPR, rejecting all asserted system claims. And on August 26, 2025, the PTAB likewise issued a Final Written Decision in the IPRs, finding the asserted method claims invalid.[1] In other words, all asserted claims have now been found invalid in a final decision by either the USPTO or PTAB. There essentially is nothing left to do except allow any appeals of these rulings to run their course, whether appealed to the PTAB first or directly to this Court. Thus, Aylo moved a third time for a stay, which the District Court denied, claiming that "EPR proceedings have only a remote chance of simplifying the case because such proceedings do not have statutory deadlines and only about 14% of such proceedings result in cancellation of all challenged claims." Appx2 (citations omitted). Aylo timely objected to this denial, which was overruled on October 17, 2025. Appx127. This again was despite the USPTO's final rejection of all remaining asserted claims under Aylo's EPR.

---

[1] WellcomeMat withdrew the asserted method claims but not until *__after__* Aylo filed its motion to stay. *See infra* page 7-8.

3

The District Court's denial of a stay is arbitrary and unjust. Aylo is being forced to try an invalid patent and engage in a race to finality, where WellcomeMat is attempting to proceed with a jury trial and obtain a final judgment prior to the USPTO's ruling becoming final. This runs counter to congressional intent and public policy. Indeed, the purpose behind the Reexamination Statute of the Bayh-Dole Act is no different than that of the America Invents Act ("AIA"). Both were enacted to "settle validity disputes more quickly and less expensively than the often protracted litigation involved in [district court] cases." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985) (citing Hearings on S. 1679 Before the Comm. on the Judiciary, 96th Cong., 1st Sess. 1 (1979)); *see also Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020) ("The [AIA] is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." (quoting H. R. Rep. No. 112-98, pt. 1, p. 40 (2011))).

Under the circumstances, a stay is the only correct choice. It not only serves the policy considerations of the Bayh-Dole Act and AIA, but it also fosters public confidence in the judicial system. A core principle of the patent system is that "competition should not be repressed by worthless patents." *Pope Mfg. Co. v. Gormully*, 144 U.S. 224, 234 (1892). Allowing the IPR and EPR decisions to run their course instead of forcing the parties to proceed in the District Court with a

costly and inefficient race to finality on rejected claims preserves significant public and private resources and serves to avoid "the appearance of impropriety which damages the federal judiciary's reputation for the fair and equal administration of the law." *See, e.g.*, Tom Tillis and Patrick Leahy - United States Senate, Committee on the Judiciary, Letter to The Honorable Chief Justice John Roberts, (November 02, 2021) ("Committee Letter").  Yet the District Court here refuses to stay the case.

Aylo's motion to stay should have been granted, and it was clear abuse of discretion to rule otherwise.

## STATEMENT OF FACTS

WellcomeMat filed its complaint on October 13, 2023, accusing Aylo of infringing the '286 Patent.  Appx49.  On March 11, 2024, WellcomeMat served infringement contentions asserting only method claims 13-15 and 18-20 of the '286 Patent.  Appx75; *see also* Appx80.  Less than three weeks later, on March 29, 2024, Aylo filed an IPR petition challenging these claims and filed its first motion to stay.  Appx81.  The District Court did not rule on this motion for nearly a year, Appx108, ignoring Aylo's notice and supplemental briefing that the PTAB had instituted IPR on all challenged claims on September 5, 2025, Appx90-91.

While Aylo waited for a ruling on its motion to stay, the entire landscape of the case changed.  WellcomeMat added method claim 17, so Aylo immediately challenged this claim in a second IPR petition.  Appx94.  The PTAB instituted and

then consolidated this IPR with the first IPR.  Appx100.  Yet, the District Court still did not rule on Aylo's motion despite all then-asserted claims being subject to an instituted IPR and despite Aylo timely submitting supplemental notices informing it of this.  Appx90-98.  Next, on November 11, 2024, more than one year after filing its lawsuit, WellcomeMat asserted more claims, adding system claims 21-28.  Because Aylo's one-year statutory IPR bar had passed, Aylo filed an EPR to challenge these system claims.  *See* Appx99-102.

About two months later, on February 11, 2025, the USPTO ordered reexamination of claims 21-28, and Aylo once more urged the District Court to act on its first motion to stay.  Appx104.  At that point, Aylo argued to the District Court that "[e]very asserted claim in this litigation [was] subject to USPTO or PTAB review and this case [was] ripe for a stay." *Id.*  And to eliminate any doubt that the same policy considerations favoring a stay in view of an IPR applied to Aylo's EPR, Aylo agreed to a *Sotera* stipulation as to both that "every asserted claim in this litigation is subject to § 315(e)(2) estoppel."  Appx105.

Less than two weeks later, on February 24, 2025, the District Court denied Aylo's motion, stating that "[t]he Court does not treat IPRs and EPRs identically" and "the 'universal practice' in this District . . . is to deny a motion for a stay when the Board has not yet instituted IPRs on all asserted claims."  Appx108.

In arriving at its decision, the District Court disregarded that: (i) Aylo's first

IPR had been instituted on all asserted claims at that time; (ii) Aylo's second IPR had been instituted on the one additional claim that had been asserted at that time; (iii) Aylo's EPR was necessitated by additional claims being asserted after the one-year statutory bar while Aylo's motion to stay was pending; and (iv) the USPTO ordered reexamination in the EPR on all remaining, asserted claims.

The USPTO then issued a non-final office action rejecting all the claims and on May 16, 2025, Aylo filed a second motion to stay. Appx111. The District Court again denied Aylo's motion, repeating that "the 'universal practice' in this District . . . is to deny a motion for stay when the Board has not yet instituted IPRs on all asserted claims," and claiming that "EPR proceedings have a remote chance of simplifying the case." Appx118 (citations omitted). That is, the District Court would not consider a stay where some claims were subject to an on-going EPR proceeding, as opposed to an instituted IPR. *Id.*

Over the next month, the PTAB issued a Final Written Decision in the consolidated IPRs invalidating all the asserted method claims, and the USPTO issued a final office action in the EPR rejecting all the asserted system claims. Appx4. Thus, on August 29, 2025, Aylo filed a third motion to stay because all claims had been found invalid or finally rejected through post-grant proceedings and all that remained was for any appeals of these decisions, whether to this Court or the PTAB, to run their course. *Id.* In response, WellcomeMat withdrew the asserted

method claims found invalid under IPR but refused to withdraw the asserted system claims found invalid under EPR. Appx35. The District Court again denied Aylo's motion, indicating it had already weighed the stay factors and the new circumstances "do[] not change the Court's decision, considering that EPR is still pending on asserted claims 21-28." Appx2 (citation omitted). The District Court failed to provide any reasoning for this except that "EPR proceedings have only a remote chance of simplifying the case because such proceedings do not have statutory deadlines and only about 14% of such proceedings result in cancellation of all challenged claims." *Id*. (citations omitted). Notably, the District Court failed to explain why these statistics are even relevant considerations after the USPTO actually issues a final office action rejecting all challenged claims.

On October 9, 2025, Aylo objected to the District Court's denial, requesting reconsideration of the order based on substantially the same reasons presented in this petition. Appx119-126. However, the District Court summarily overruled Aylo's objections on October 17, 2025. Appx127.

## **LEGAL STANDARDS**

To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) it has a clear and indisputable right to issuance of the writ; (2) it has no other adequate method of obtaining the desired relief; and (3) the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004) (citations

omitted).    For a writ of mandamus to issue there must be a "clear abuse of discretion." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953).

District courts consider three factors when determining whether to grant a stay pending post-grant proceedings: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases).    Of these, this last factor is considered the most important. *Id.*

## **ARGUMENT**

The District Court clearly abused its discretion by denying Aylo's motion to stay where all remaining asserted claims have been rejected by the USPTO in a final office action.  Across its three denials, the District Court failed to properly weigh the most important factor, simplifying the case, in its totality.  Specifically, the District Court arbitrarily discredited EPRs in its analysis, holding that EPRs had only a "remote chance" of simplifying the case, purportedly because they have no statutory deadline, as compared to IPRs, and based on misapplied EPR statistics about cancellation of all claims.  In so doing, the District Court expanded its "universal practice" to deny motions to stay, admittedly treating ordered EPRs differently from

instituted IPRs. *See* Appx108 ("The Court does not treat IPRs and EPRs identically"); Appx118 ("the 'universal practice' in this District . . . is to deny a motion for stay when the Board has not yet instituted IPRs on all asserted claims."); Appx2 (the new circumstances "do[] not change the Court's decision"). The District Court's ruling has set off an unnecessary and counterproductive race to finality, which should be stopped.

## I. The District Court Clearly Erred in Its Consideration of the Simplification of the Case Factor

Whether granting a stay would result in simplifying the case is the most important factor under the stay analysis. *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573 at *5 (Bryson, J.). Yet, the District Court disposed of this most important factor in the most cursory way. Its conclusory order completely ignored and failed to weigh all the simplification that had occurred as a result of the post-grant proceedings Aylo initiated, including that the PTAB had issued a final written decision invalidating method claims 13-15 and 17-20 causing WellcomeMat to withdraw those claims from trial. Instead of crediting that Aylo's IPR challenges simplified the case by removing seven claims, the District Court focused exclusively on system claims 21-28 that remained—albeit finally rejected via EPR—and found no simplification. That alone was an abuse of discretion.

But even with respect to claims 21-28, the District Court ignored all the simplification that had occurred or was likely to occur due to Aylo's post-grant

challenges, namely that Aylo had stipulated to § 315(e)(2) estoppel for all asserted claims, substantially streamlining the invalidity portion of this case, and that the USPTO had issued a final office action rejecting those remaining claims. None of this was considered in the District Court's order. Instead, the District Court focused exclusively on whether the EPR may completely dispose of all claims and how long it may take to do so—neither of which is proper under the simplification of the case factor nor relevant here because the USPTO has in fact acted on Aylo's EPR and rejected all claims in a final office action. Given the equitable nature of motions to stay, the totality of circumstances leading to Aylo's third motion must be considered. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (holding that a decision to stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance" (citations omitted)).

## II.    The District Court Misapplied EPR Statistics to Substantiate Discrediting EPRs

The District Court offered a minimal explanation for denying Aylo's motion to stay. And the explanation it did provide is clearly erroneous. The basis of the District Court's reasoning is: "EPR proceedings have only a remote chance of simplifying the case because such proceedings do not have statutory deadlines, and only about 14% of such proceedings result in cancellation of all challenged claims." Appx2 (citations omitted). However, the District Court completely ignored that the USPTO has issued a ***final*** office action rejecting all challenged claims, instead

characterizing the EPR as "ongoing at the Examiner level" and stating that "the Examiner has maintained the *initial* rejection." Appx1 (emphasis added). It was erroneous to find that an EPR proceeding only has a "remote chance" of simplifying the case when there has been a final office action rejecting all claims.

In addition, that EPRs have no statutory deadlines is irrelevant here because again, the USPTO has acted and issued a final office action. The District Court did not explain, but its reasoning appears to be that EPRs can lead to an indefinite stay if one were granted because the USPTO has no statutory deadlines within which it must act. But again, even if that were true generally, here the USPTO acted expeditiously in rejecting WellcomeMat's claims. What is more, even without a statutory deadline, according to the District Court's own cited statistics, the median pendency of an EPR from filing to certificate is 18.7 months, which is nearly identical to the statutory pendency of IPRs.[2]

Equally arbitrary and erroneous is the District Court's assertion that "only about 14% of [EPR] proceedings result in cancellation of all challenged claims." Appx2. First, the statistics cited by the District Court considered all reexaminations since the enactment of the Bayh-Dole Act in *1980*, through 2024. Appx251. In more recent years since the AIA was enacted, the USPTO's cancellation rate of all

---

[2] The statutory pendency of an IPR is around 18 months and can be extended by an additional 6 months for good cause. *See* 37 CFR §§ 42.100, 42.107.

claims in EPRs has more than doubled. *See generally* Appx251-292.

Second, the narrow focus on the cancellation of "all" claims holds EPRs to a heightened standard over IPRs, where an EPR must dispose of ***every*** claim in order to be considered simplifying in a motion to stay. The District Court does not hold IPRs to that standard; instead, the relevant question is whether there is a ***likelihood*** of a simplification of the issues. *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d, 1307, 1314 (Fed. Cir. 2014). Disposing of every claim, *i.e.*, the entire case, is "the ***ultimate*** simplification of [the] issues." *Id.* (emphasis added). Even if a single claim is cancelled, there will be a simplification of the issues. Notably, according to the District Court's own relied-on statistics, there is more than a 78% chance of that occurring in an EPR. *See* Appx252.

Third, the District Court again ignored that the USPTO has issued a final office action rejecting all claims. When the USPTO has issued a final office action rejecting all claims, it is likely that close to 100% of those proceedings result in cancellation of all challenged claims. Appx295; Appx35 n.3. This likelihood is underscored by the reality that WellcomeMat's appeal of the final rejection will go before the PTAB, the very body that has already found WellcomeMat's similar method claims unpatentable. *See* Appx4-5.

### III. The District Court's Ruling Has Encouraged a Needless and Ultimately Futile Race to Finality

The District Court's ruling has also spurred a race to finality where WellcomeMat hopes to secure a final damages award before the USPTO's cancellation of its claims becomes final. *See, e.g., Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[C]ancellation of a patent's claims cannot be used to reopen a final damages judgment . . . [I]t is a mistake to suppose that monies recovered might be recovered back after a patent is cancelled" (citations omitted)). This creates perverse incentives for plaintiffs to prolong post-grant challenges while pushing ahead in the District Court. Encouraging such a race to finality "would tug against [the patent statute's] objective, wasting the resources spent resolving patentability and leaving bad patents enforceable." *Thryv*, 590 U.S. at 55 (2020); *see also Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, No. 3:08-cv-01512-CAB-(MDD), 2016 U.S. Dist. LEXIS 113913, at *12-13 (S.D. Cal. June 15, 2016) ("[The patentee] has every incentive to delay and seek extensions regarding the appeal of the PTO decision, while placing all its resources on [district court] litigation to get it to final judgment first.").

And ultimately the significant resources spent on the race to finality will likely be in vain. Even if one party appeals from the District Court or PTAB/USPTO first, this Court's practice is to "companionize" appeals from related cases. Indeed, statistics show that this Court has done so in 180 out of 192 instances of copending,

related appeals—or almost 95% of the time.  Appx38.  Given the relation between any appeal of WellcomeMat's district court action and any appeal of Aylo's IPRs or EPR, it is likely that all issues will be heard and decided together by the same panel, to ensure efficiency and consistency.  Such appellate pragmatism renders the race to finality illusory.  For this reason, too, the District Court's order should not be allowed to stand; it otherwise incentivizes this futile race and squanders resources, and is wholly contrary to congressional intent and public policy.

### IV.    The District Court's Tacit Expansion of Its "Universal Practice" to Discredit EPRs Is Another Clear Abuse of Discretion

Across each of its three denials of Aylo's motions to stay, the District Court tacitly expanded its "universal practice" of "deny[ing] a motion for a stay when the Board has not yet instituted IPRs on all asserted claims" to the point where no stay can ever be granted in a case involving an EPR.  Appx108-109; Appx118; *see also* Appx1-2.  This was a clear abuse of the District Court's discretion.

Indeed, and as noted, there were multiple times during the pendency of Aylo's first motion to stay when all then-asserted claims were subject to instituted IPR.  Yet, the District Court failed to rule on Aylo's motion for almost a year, and when it did, it denied Aylo's motion under its "universal practice" because later-asserted claims were subject to EPR.  Appx109.  Then the District Court denied Aylo's second motion to stay, again citing its "universal practice" and noting that the later-asserted claims "being non-finally cancelled in the EPR proceeding . . . do[es] not change the

Court's decision." Appx118. Now, the District Court has denied Aylo's motion to stay yet again, stating that the new circumstances "do[] not change the Court's decision, considering that the EPR is still pending," despite all remaining asserted claims being rejected in a final office action. Appx2 (citations omitted).

To be clear, this is not a case where Aylo petitioned for IPR on only some asserted claims and not others or where the parties are still waiting for an institution decision on some claims. Rather, with each IPR and EPR, Aylo timely challenged all then-asserted claims with the post-grant proceeding available to it. And those challenges were unequivocally successful: Aylo's IPRs resulted in a Final Written Decision invalidating all method claims and Aylo's EPR resulted in a final office action rejecting all asserted system claims added after the one-year bar. Yet, in a tacit expansion of its "universal practice," the District Court disregarded all the simplification to date and denied Aylo's stay simply because the remaining claims involve an EPR.

The District Court's extension of its "universal practice" to discredit EPRs is contrary to congressional intent. A principal purpose behind post-grant proceedings, including EPRs, is to provide an inexpensive alternative to the protracted litigation often involved in patent cases. Indeed, shortly after the enactment of the Bayh-Dole Act of 1980, this Court explained the very purpose of the reexamination statute:

> ***Congress had an important public purpose in mind when it enacted the reexamination statute***. The statute was part of a larger effort to

revive United States industry's competitive vitality by restoring confidence in the validity of patents issued by the PTO. . . . The bill's proponents foresaw three principal benefits. First, ***the new procedure could settle validity disputes more quickly and less expensively*** than the often protracted litigation involved in such cases. Second, the procedure would ***allow courts to refer patent validity questions to the expertise of the Patent Office***. Third, reexamination would reinforce "investor confidence in the certainty of patent rights" by ***affording the PTO a broader opportunity to review "doubtful patents."***

*Patlex*, 758 F.2d at 601-02 (emphases added) (citations omitted).

This public policy behind the Bayh-Dole Act is substantially similar to pronouncements regarding the later-enacted AIA, such as by the Supreme Court in *Thryv*: "The [AIA] is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Thryv*, 590 U.S. at 54 (quoting H. R. Rep. No. 112-98, pt. 1, p. 40 (2011)). Courts throughout the country have recognized that "[t]he legislative history of the AIA makes it apparent that Congress intended for district courts to be liberal in granting stays pending" post-grant proceedings. *E.g.*, *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 U.S. Dist. LEXIS 144149, at *6-*7 (E.D. Tex. Feb. 14, 2019) (Bryson, J.) (citing congressional record favoring a stay once post-grant proceedings are instituted); *British Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366-WCB, 2019 U.S. Dist. LEXIS 166651, at *7-10 (D. Del. Sep. 27, 2019) (Bryson, J.) (same and collecting cases).

Yet, the District Court's expansion of its "universal practice" arbitrarily favors

IPRs and disfavors EPRs. Forcing parties to forge ahead with a costly jury trial on patent claims that have been finally rejected by the agency charged with reviewing patents undermines the congressional intent in enacting the Bayh-Dole Act and the AIA.[3] Indeed, as Judge Bryson has aptly explained when sitting by designation in the District Court, "after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *21. This is so because:

> Giving the agency the authority to consider the validity of patents in the inter partes review process was designed in large measure to simplify proceedings before the courts and ***to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation***.

*Id.* at *12 (emphasis added).

## V.    Aylo Has Shown It Is Entitled to Mandamus Relief

Aylo has demonstrated that it has both a clear and indisputable right to issuance of the writ and that the writ is appropriate under the circumstances. *Cheney*, 542 U.S. at 380-81. Without issuance of the writ correcting the District Court's failure to properly consider the simplification of issues factor—after three

---

[3] Courts have universally recognized that the policy considerations behind different types of post-grant proceedings (*e.g.*, IPR and EPR) are the same. *E.g., Cywee*, 2019 U.S. Dist. LEXIS 144149, at *7-*8 (Bryson, J); *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016); *TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*, No. 22-673-CFC, 2022 U.S. Dist. LEXIS 202085, at *3 (D. Del. Nov. 7, 2022) (Connolly, C.J.) ("[T]he policy considerations governing the issuance of stays are similar with respect to all post-grant proceedings.").

attempts—Aylo has no other adequate method of obtaining relief. *See Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 721 (Fed. Cir. 2015) (holding that mandamus relief is the proper avenue to seek immediate appellate review of a stay order). Indeed, Aylo timely filed each of its three stay motions to avoid the substantial cost and expense of litigating claims that are not intact: they have been found unpatentable or finally rejected by the PTAB and USPTO. And with trial just weeks away on November 17, 2025, the District Court overruled Aylo's objections to the third denial in summary fashion. Appx127.

Even if the Court believes that being forced to "undergo the cost of discovery and trial" is not enough to justify issuance of a writ of mandamus alone (*In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018) (citation omitted)), the unique facts here justify such extraordinary relief. *See In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1383 (Fed. Cir. 2023) ("[O]n rare occasion, we have granted mandamus relief without even citing the three requirements set out in *Cheney*." (citing *In re Oath Holdings Inc.*, 908 F.3d 1301, 1304 (Fed. Cir. 2018); *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310, 1313 (Fed. Cir. 2011))). The District Court's refusal to stay this case or even rule on Aylo's first motion to stay for almost a year, and its expansion of a "universal practice" that discredits EPRs—when a stay is so clearly warranted—creates "an important issue relating to proper judicial administration," "render[ing] mandamus review appropriate." *Stingray IP Sols.*, 56 F.4th at 1383.

Indeed, the District Court's extension of its "universal practice" has strayed beyond the bounds of its discretion and has created a clear divergence from this Court, such that urgent review is necessary. The overwhelming weight of authority establishes that post-grant proceedings should be treated equally. *E.g.*, *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *21 (Bryson, J.) (collecting cases); *Cywee*, 2019 U.S. Dist. LEXIS 144149, at *7 (Bryson, J.). Yet, the District Court has rejected this sensible practice in favor of proceeding to trial on finally rejected claims simply because the case involves ordered EPRs instead of instituted IPRs. Left uncorrected, this deviation risks the "appearance of impropriety which damages the federal judiciary's reputation for the fair and equal administration of the law." *See* Committee Letter.

Urgent review is also particularly timely here. In the wake of recent policy changes, the USPTO has experienced significant shifts in the filings and outcomes of post-grant proceedings. Appx303-314. To date this year, the USPTO has denied IPR petitions on procedural grounds 206% more than in all of 2024. Appx304. The precipitous decline in IPR institution rates has led would-be petitioners to consider other congressionally-created avenues for challenging patents. EPR requests, which were not affected by the policy shifts, hit ***an all-time high*** in Q3 2025. Appx305. A writ is critical here given the striking shift in the landscape of post-grant proceedings and dramatic increase in EPR requests.

20

## **<u>CONCLUSION</u>**

For these reasons, Aylo respectfully requests that this Court issue a writ of mandamus directing the District Court to vacate its order denying Aylo's motion to stay and remand with instructions for the District Court to enter an order staying the case until final resolution of the post-grant proceedings, including any appeals.

Dated: October 20, 2025                   Respectfully submitted,

<u>/s/ Frank M. Gasparo</u>
Frank M. Gasparo
FMGasparo@Venable.com
Ralph A. Dengler
RADengler@Venable.com
Parker G. Zimmerman
PGZimmerman@Venable.com
VENABLE LLP
151 W 42nd Street, 49th Floor
New York, New York 10036
(212) 307-5500

Megan S. Woodworth
MSWoodworth@Venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4000

Philip T. Sheng
PTSheng@Venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
(415) 653-3750

*Counsel for Petitioners*

## <u>CERTIFICATE OF SERVICE AND FILING</u>

I certify that on October 20, 2025, I electronically filed the foregoing Aylo's Petition for Writ of Mandamus using the Court's CM/ECF system.  Pursuant to Fed. Cir. R. 21(a)(3), a copy of the foregoing was served upon the following counsel of record via email and district court via FedEx:

Andres C. Healy
Washington State Bar No. 45578
ahealy@susmangodfrey.com
Matthew R. Berry
Washington State Bar No. 37364
mberry@susmangodfrey.com
John Schiltz
Washington State Bar No. 48973
jschiltz@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street Suite 3000
Seattle, WA 98101-2683
Telephone: (206) 505-3880
Facsimile: (206) 516-3883

George R. El-Khoury
New York State Bar No. 5898358
gel-khoury@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400
Facsimile: (903) 757-2323

Hon. Rodney Gilstrap
Hon. Roy Payne
Sam B. Hall, Jr. Federal Building and U.S. Courthouse
100 East Houston Street
Marshall, TX 75670
Telephone: 903-935-3868

/s/ Frank M. Gasparo
Frank M. Gasparo

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS PURSUANT TO FED. R. APP. P. 32(A)(7)(C)

Pursuant to Fed. R. App. P. 32(c)(2) and 21(d)(1), I certify as follows:

1.     This Petition for Writ of Mandamus complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because this brief contains 5,090 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii); and

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011, the word processing system used to prepare the brief, in 14 point font in Times New Roman font.

Dated: October 20, 2025                    /s/ Frank M. Gasparo
                                           Frank M. Gasparo

Case No. _____

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

## IN RE AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM LTD, 9219-1568 QUEBEC, INC.

### *Petitioners*
_____

Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Texas in
*WellcomeMat, LLC v. Aylo Freesites Ltd, et al.*, No. 2:23-cv-00483-JRG-RSP
Judge J. Rodney Gilstrap
Magistrate Judge Roy S. Payne

---

## AYLO'S APPENDIX

---

Frank M. Gasparo
FMGasparo@Venable.com
Ralph A. Dengler
RADengler@Venable.com
Parker G. Zimmerman
PGZimmerman@Venable.com
VENABLE LLP
151 W 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500

Megan S. Woodworth
MSWoodworth@Venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4000

Philip T. Sheng
PTSheng@Venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
(415) 653-3750

*Counsel for Petitioners AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM LTD, 9219-1568 QUEBEC, INC.*

## APPENDIX TABLE OF CONTENTS

| Date Filed | Dkt. No. | Description | Appendix Numbers |
|---|---|---|---|
| 10/02/2025 | 333 | Order on Aylo's Second Renewed Motion to Stay | Appx1-2 |
| 08/29/2025 | 301 | Aylo's Second Renewed Motion to Stay | Appx3-11 |
| 09/12/2025 | 316 | WellcomeMat's Opposition to Aylo's Second Renewed Motion To Stay | Appx12-32 |
| 09/15/2025 | 318 | Aylo's Reply in Support of Its Second Renewed Motion to Stay | Appx33-40 |
| 09/22/2025 | 326 | WellcomeMat's Sur-Reply in Support of Its Opposition to Aylo's Second Renewed Motion to Stay | Appx41-48 |
| 10/13/2023 | 1 | WellcomeMat's Complaint | Appx49-74 |
| 03/11/2024 | 35 | WellcomeMat's Notice of Compliance (Serving Infringement Contentions) | Appx75-77 |
| 04/15/2024 | 44 | Aylo's Motion to Stay Pending Inter Partes Review | Appx78-89 |
| 09/06/2024 | 146 | Aylo's Notice of Institution of Inter Partes Review | Appx90-92 |
| 09/11/2024 | 147 | Aylo's Motion for Leave to File Supplemental Brief | Appx93-98 |
| 12/09/2024 | 199 | Aylo's Notice of Institution of IPR and filing of Ex Parte Reexam | Appx99-102 |
| 02/12/2025 | 218 | Aylo's Notice of Ex Parte Reexamination Order and Partially Opposed Motion for Hearing Regarding Aylo's Motion to Stay | Appx103-107 |
| 02/24/2025 | 228 | Order Denying Motion to Stay (Dkt. 44) | Appx108-109 |
| 05/16/2025 | 258 | Aylo's Renewed Motion to Stay | Appx110-117 |
| 08/04/2025 | 277 | Order Denying Renewed Motion to Stay (Dkt. 258) | Appx118 |
| 10/08/2025 | 338 | Aylo's Objections to the Order Denying Aylo's Second Renewed Motion to Stay | Appx119-126 |
| 10/17/2025 | 349 | Order on Aylo's Objections to the Order Denying Aylo's Second Renewed Motion to | Appx127 |

| | | Stay | |
|---|---|---|---|
| 08/22/2025 | | Final Office Action in Ex Parte Reexamination Control No. 90/019,758 | Appx128-170 |
| 08/26/2025 | | Final Written Decision in Inter Partes Review No. IPR2024-00710 | Appx171-250 |
| | | Ex Parte Reexamination Filing Data | Appx251-292 |
| | | PTAB Appeal Statistics September 2025 | Appx293-301 |
| | | *Patent Dispute Report: Q3 2025 in Review*, Unified Patents (Oct 9, 2025), https://www.unifiedpatents.com/insights/2025/10/9/patent-dispute-report-q3-2025-in-review. | Appx302-313 |
| | | Print-Out of Pacer Docket Report for Case | Appx314-348 |

## STATEMENT REGARDING REDACTIONS

The document found at Appx41-48 was filed publicly in the underlying case using the Eastern District of Texas's ECF filing system. The page bearing the appendix numbers Appx45 contains redacted sentences as originally filed. The redacted material was subject to the Protective Order entered by the Court in the Eastern District of Texas.